```
                                                               USDC SDNY
                                                               DOCUMENT
                                                               ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                   DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                  DATE FILED: 6/12/20
------------------------------------------------------------X
  CARLOS DAVILA, President of A New Beginning:              :
  for Immigrants Rights, Inc.,                              :
                                                            :
                                  Plaintiff,                :   1:17-cv-5032-GHW
                  -v-                                       :
                                                            :          ORDER
PABLO GUTIERREZ, et al.,                                    :
                                  Defendants.               :
------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

On August 30, 2018, the Court issued its memorandum opinion and order (the "Order") in connection with Defendants' motions to dismiss the complaint. On May 21, 2020, Plaintiff filed a motion under Federal Rule of Civil Procedure 60 to clarify the Order on the basis that the Order "is not clear concerning Plaintiff's Right to Re-file his State Claim in a State Court." Dkt. No. 83 at 2.[1] While Plaintiff refers to Federal Rule of Procedure 60(b)(6), the Court construes Plaintiff's application to be brought under Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") due to Plaintiff's repeated references to clarification and his suggestion that there was a "technical error" in the Order. *Id.* at 5. For the reasons that follow, Plaintiff's motion is DENIED.

Pursuant to Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) of the Federal Rules of Civil Procedure [] allows a court to clarify a judgment. Under that rule, a court may provide 'clarification and explanation, consistent with the intent of the original judgment.'" *Impax Labs., Inc. v. Turing Pharm. AG*, No. 16 CIV. 3241 (ER), 2018 WL 5811431, at *4 (S.D.N.Y. Nov. 6, 2018) (quoting *L.I. Head Start Child Dev. Servs., Inc. v.*

---

[1] When the Court received the motion, page 3 was missing. The Court decides this motion on the basis of the information presently before the Court.

*Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)); *see also Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) ("A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" (citation omitted)).

Here, Plaintiff requests that the Court vacate the Order and "re-enter a similar order to state that the dismissal of the Plaintiff's State Claim is 'without prejudice[.']" Dkt. No. 83 at 5. Plaintiff highlights the following part of the order: "[D]eclining to exercise supplemental jurisdiction will not be unfair. The New York state court system, *where Davila will be able to pursue his state law claims, is extremely capable.*" *Id.* at 2 (emphasis in original) (quoting the Order). Plaintiff asserts that when he seeks to re-file his claims in state court, Defendants "may challenge the August 30, 2018 Order on the basis of a technical error" because "the Order is not that clear." *Id.* at 4. "To avoid a Resjudicata [sic] issue," Plaintiff suggests that the Court clarify the Order. *Id.* Plaintiff is apparently concerned that, absent clarification from the Court, the Order could be construed to be with prejudice, such that Plaintiff would be precluded from bringing his state law claims in state court.

No clarification is necessary. The Court did not dismiss Plaintiff's state law claims with prejudice. The Court even noted that Plaintiff will be able to pursue his state law claims in the New York state court system. Plaintiff's concern that the Court's decision to decline supplemental jurisdiction will have *res judicata* effects is unfounded—the Court did not decide the state law claims on the merits. *See Griffith-Fenton v. Coldwell Banker Mortg.*, No. 13 CV 7449 (VB), 2014 WL 2217805, at *4 (S.D.N.Y. May 2, 2014) ("Res judicata does not, however, bar plaintiff's state law claims. Because the Court declined to exercise supplemental jurisdiction over plaintiff's state law claims in the prior action, there was no final judgment 'on the merits' of those claims."). Because no clarification is necessary, the Court need not correct the Order under Rule 60(a). Therefore, Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 83.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: June 12, 2020

                                              GREGORY H. WOODS
                                              United States District Judge